# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AARION GROSS | : | |
| 3179 Glenrose Lane | | |
| Maumee, Ohio 43537 | : | |
| Plaintiff, | : | CASE NO. 3:25-cv-1162 |
| v. | : | JUDGE |
| UNIVERSITY OF TOLEDO | : | MAGISTRATE JUDGE |
| 3000 Arlington Avenue | | |
| Toledo, Ohio 43614 | : | |
| Defendant. | : | |

## PLAINTIFF AARION GROSS' COMPLAINT
### (w/ Jury Demand)

NOW COMES Plaintiff Aarion Gross and hereby proffers this Complaint for damages against Defendant University of Toledo.

## PARTIES

1. Plaintiff is a natural person residing in Lucas County, Ohio.

2. Defendant is a public university that operates facilities in Lucas County, Ohio.

## JURISDICTION AND VENUE

3. All counts are brought pursuant to the laws of the United States, with this Court having jurisdiction pursuant to 42 U.S.C. § 2000e-5.

4. Venue is proper due to the fact that the Defendant has a workplace in Lucas County, Ohio, at which all of the events in question took place.

**FACTUAL BACKGROUND**

5. Plaintiff worked as a Department of Family Medicine Full-Time Physician Assistant and then faculty member of the Defendant's College of Medicine and Life Sciences from October 1, 2021, until June 28, 2024.

6. Plaintiff was simultaneously asked to be the Diversity Equity and Inclusion ("DEI") Officer in Defendant's College of Medicine Family Medicine Department from October 1, 2021, and was in that position until he resigned from that position on or about March 4, 2024, in utter frustration, feeling his efforts to have been totally for naught (effective June 28, 2024).

7. In his DEI position, Plaintiff was assigned to develop training programs and other strategies to serve minority students and patients.

8. Plaintiff was blocked from properly performing the DEI position by opposition from members of Defendant's staff who stated they felt he was receiving special treatment because he was African American and/or gay.

9. Plaintiff was unfairly and inaccurately referred to as "divisive" and "immature" when serving in his DEI position.

10. Plaintiff complained to Defendant that other leadership employees were deliberately and openly violating the DEI initiatives that Defendant had charged him with managing and enforcing, but nothing was done to stop this from happening and Plaintiff was discouraged from complaining further.

11. On or about November 23, 2023, Plaintiff made a specific written Discrimination and Harassment complaint to Defendant regarding discriminatory behavior he felt was based on his race and/or sexual orientation.

12. On or about January 10, 2024, Plaintiff received a letter dated January 8, 2024, from the Department Chair of Defendant's College of Medicine and Life Sciences that his contract as a faculty member was not being renewed. It was stated separately that the non-renewal was not final until June 28, 2024, pending Plaintiff's ability to "modify his behavior."

13. A message dated December 23, 2023, Defendant cited the reasons for non-renewal as vague behavioral deficiencies. At the time of his non-renewal, Plaintiff had no disciplinary history of any kind with Defendant.

14. In his last six (6) months of employment with Defendant Plaintiff found himself for no apparent reason being denied chances to diversify his medical practice opportunities and to further his medical career objectives.

15. Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission and the Equal Employment Opportunities Commission on or about December 23, 2024, citing allegations of race discrimination, sex discrimination, and retaliation for having complained about those types of discrimination.

16. On May 30, 2025, the EEOC issued a right to sue notice to Plaintiff regarding his December 23, 2024, Charge of Discrimination.

## COUNT I
### DISCRIMINATION ON THE BASIS OF RACE
### 42 U.S.C. 2000e, et seq.

17. Plaintiff reincorporates the allegations contained in the paragraphs above as if fully rewritten here.

18. Plaintiff was discriminated against on the basis of his race, African American in violation of 42 U.S.C. § 2000e-2(a).

19. Defendant's discrimination regarding Plaintiff's race entitles Plaintiff, pursuant to 42 U.S.C. § 2000e-5, to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT II
## DISCRIMINATION ON THE BASIS OF SEX
## 42 U.S.C. 2000e, et seq.

20. Plaintiff reincorporates the allegations contained in the paragraphs above as if fully rewritten here.

21. Plaintiff was discriminated against on the basis of his sexual orientation in violation of 42 U.S.C. § 2000e-2(a).

22. Defendant's discrimination regarding Plaintiff's sexual orientation entitles Plaintiff, pursuant to 42 U.S.C. § 2000e-5, to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## COUNT III
## RETALIATION FOR COMPLAINTS REGARDING UNLAWFUL RACE AND/OR SEXUAL DISCRIMINATION
## 42 U.S.C. 2000e, et seq.

23. Plaintiff reincorporates the allegations contained in the paragraphs above as if fully rewritten here.

24. Plaintiff was retaliated against for making complaints regarding unlawful discrimination based on race and/or sexual orientation in violation of 42 U.S.C. § 2000e-3(a).

25. Defendant's discrimination regarding Plaintiff's sexual orientation entitles Plaintiff, pursuant to 42 U.S.C. § 2000e-5, to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay;

for Count II, monetary damages including back pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay; and,

for Count III, monetary damages including back pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881